IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cr-148 |
| ) | (Varlan/Shirley) |
| KEITH O'BRYAN SMITH, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 6, 2007 for a motion hearing on the defendant's Motion for Immediate Access to Preserve Evidence and Supplemental Information in Support of Motion for Hearing Regarding Defendant's Pending Motion to Suppress and Subpoena Material [Doc. 27]. Assistant United States Attorney Tracee J. Plowell appeared on behalf of the government. Attorney A. Philip Lomonaco represented the defendant, who was also present.

In his motion [Doc. 27], the defendant moves for an Order allowing immediate access to the original Knoxville Police Department ("KPD") video from Officer McAlister's cruiser on November 6, 2006. The defendant further requests that a subpoena be issued to the KPD videotape custodian, Bill Smith, to appear and produce the original videotape to the Court. For grounds, the defendant's counsel states that he has received a copy of the KPD videotape, and that the sound on the video appears to have been altered, as there is an indication on the screen that the officer's microphone was on at the time but no audio is recorded.

The defendant argues that there is substantial reason to believe that the copy of the videotape provided to the defendant was altered because (1) there was a "suspicious delay" in receiving the videotape; (2) the person at KPD responsible for making copies was contacted by the prosecution prior to giving the defendant a copy of the videotape; and (3) a videotape from another case that was copied contemporaneously with the videotape at issue was delivered with the audio intact.

The government opposes the defendant's motion, arguing that the defendant's contentions lack merit or any factual support. [Doc. 29]. Specifically, the government argues (1) that the defendant fails to identify any delay in the production of the videotape; (2) that there was no audio on the original tape; (3) that there are numerous innocent explanations for the lack of audio on the videotape; and (4) that the defendant fails to set forth any facts or evidence to support his allegation that the videotape has been tampered with or otherwise altered. Furthermore, the government contends that the videotape is not discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as it does not contain any statements of the defendant, nor does the videotape contain any exculpatory evidence.

At the motion hearing, the Court issued an Order [Doc. 31] to KPD, ordering the immediate production of the original videotape to the Court. The government and the defendant's counsel agreed to go to KPD and review the videotape in its entirety before its production. After a brief recess, the government and the defendant's counsel returned with the original videotape. They reported that they had reviewed the original videotape and confirmed that it did not have any audio of the defendant's arrest. The parties also reviewed the beginning of the original videotape and confirmed that it also had no audio. Additionally, the parties reviewed videotapes from Officer

2

McAlister's cruiser from the previous day and noted that the audio worked only intermittently. The parties further reviewed a videotape recorded approximately four days later from Officer McAlister's cruiser and reported that it did contain some audio. The parties stated that they intend to also review later portions of the original videotape from November 6, 2006 to determine whether the audio was working at that time. At this time, however, the defendant conceded that there is no evidence of tampering with the original videotape.

Based upon the foregoing, the Court finds that the defendant's intimation that the prosecution has tampered with or otherwise altered the videotape in question has no basis in fact. While defendant's counsel was certainly within his rights to question the lack of audio on the videotape, to call into question the prosecution's integrity and ethics without evidence to support such allegations is neither proper nor acceptable. Defendant's counsel is cautioned that allegations of evidence tampering are extremely serious, and should not be made in the future without a basis in fact.

For these reasons, the defendant's Motion for Immediate Access to Preserve Evidence and Supplemental Information in Support of Motion for Hearing Regarding Defendant's Pending Motion to Suppress and Subpoena Material [Doc. 27] is not well-taken and is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge