UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:06-CR-148 (VARLAN/SHIRLEY) |
| KEITH O'BRYAN SMITH, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Th defendant, Keith O'Bryan Smith, is charged with one count of possession with intent to distribute five grams or more of cocaine base, or crack, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). The defendant filed a motion to suppress [Doc. 12] all evidence obtained as a result of a search following his arrest on November 7, 2006, on the grounds that he was illegally searched without a warrant. Following an evidentiary hearing on the motion to suppress on January 3, 2007, Magistrate Judge C. Clifford Shirley filed a report and recommendation ("R&R") [Doc. 26] in which he recommended that the motion to suppress be denied. This matter is before the Court on the defendant's objections [Doc. 33] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered Judge Shirley's R&R, the underlying briefs [Doc. 13, 18], and the

parties' briefs regarding the pending objections [Docs. 33, 36]. For the reasons set forth herein, the Court will overrule the defendant's objections and the motion to suppress will be denied.

The defendant first objects to Judge Shirley's conclusion that the officers involved in his arrest had reasonable suspicion or probable cause to arrest him. Specifically, the defendant argues that because "the amount of marijuana in Mr. Smith's hands was not visible from when held in the Defendant's hands," the arresting officers could not have formed the probable cause sufficient to justify arresting him without a warrant. [Doc. 33 at 1.] The government argues that, "based on the officers' observations of Defendant in possession of contraband," Judge Shirley was correct in concluding that the officers had probable cause to arrest defendant for possession of marijuana. [Doc. 36 at 2.]

As noted in the R&R, Officer Kenneth Todd Gilreath and Special Agent Mickey R. Nocera handcuffed and patted down the defendant after they both observed the defendant holding a small bag of marijuana in his right hand. [Doc. 26 at 9.] The Court agrees with Judge Shirley that this observation by the arresting officers gave them probable cause to believe that a felony was being committed by the defendant based upon the totality of the circumstances, and therefore, that a warrantless arrest of the defendant was justified. *See Illinois v. Gates*, 472 U.S. 213, 230-31 (1983); *United States v. Watson*, 423 U.S. 411, 417 (1976). The Court notes that the defendant argues that the arresting officers could not have seen what was in his hand because "it was to [sic] small and held in the fist of the

Defendant." [Doc. 33 at 2.] However, Judge Shirley ultimately determined that the testimony of Officer Gilreath and Special Agent Nocera was more plausible than that of the defendant, [Doc. 26 at 9], and the Court will not second-guess that determination, given that Judge Shirley had the opportunity to observe the witnesses and assess their credibility. Therefore, finding no error in Judge Shirley's analysis or conclusion, the defendant's objection regarding the proprietary of his warrantless arrest is **OVERRULED**.

The defendant also objects to Judge Shirley's conclusion that the search incident to his arrest was constitutionally conducted and that the bag of crack cocaine found in his jacket pocket was legally seized. The defendant argues that the search of his person was illegal because the arresting officers "had no reasonable suspicion the Defendant was in possession of any weapons and were outside their rights in patting the Defendant down." [Doc. 33 at 2.] The Court disagrees. As noted by Judge Shirley, a search incident to a lawful arrest may include the defendant's person, and is not limited to a search for weapons. *Chimel v. California*, 395 U.S. 752, 763 (1969). Such a search can be conducted "to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Id.* Thus, Judge Shirley's determination that the bag of crack cocaine found during the search of defendant was lawfully obtained was not in error and this objection to the R&R is **OVERRULED**.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Shirley whereby defendant's motion to suppress [Doc. 12] is **DENIED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE