UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:06-CR-148 (VARLAN/SHIRLEY) |
| KEITH O'BRYAN SMITH | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 48], in which the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The Government has responded indicating that it has no opposition to a reduction in defendant's sentence [Doc. 49].

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses. *See* U.S.S.G. § 2D1.1. Amendment 706 is not effective for offenses involving two or more different types of controlled substances, even when one of the substances is crack cocaine, because, pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1, the drug quantities are converted to their marijuana equivalents and defendant's offense level is determined by the marijuana portion of the drug quantity table. Accordingly, the Sentencing Commission enacted Amendment 715, effective on May 1, 2008, which provides for a two level reduction of most offenses involving crack cocaine and at least one other controlled substance, in order to effectuate the two-level reduction intended by Amendment 706 in this type of case. Amendment 715, Application Note 10(D) of U.S.S.G. § 2D1.1 provides:

(i) <u>In General.</u>–Except as provided in sudivision (ii), if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B) of this note, and reduce the combined offense level by 2 levels.

(ii) <u>Exceptions to 2-level Reduction.</u>–The 2-level reduction provided in subdivision (i) shall not apply in a case in which:

(I) the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base; or

(II) the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substances other than cocaine base).

Both Amendment 706 and 715 may be applied retroactively. *See* U.S.S.G. § 1B1.10(c). Accordingly, if the sentencing range for a defendant's offense has been lowered by either of these amendments, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for an offense involving cocaine base, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement partially limits the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt.. n.1(B).

## II. Analysis

Defendant pled guilty to and was convicted of possession with intent to distribute at least five grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to § 841(b)(1)(B). At the time of the sentencing, the Court held the defendant accountable for 30.8 grams of crack cocaine and 3.7 grams of marijuana.

Defendant filed his motion and the government responded before Amendment 715 became effective. However, because Amendment 715 is now in effect, may be applied retroactively, and modifies Application Note 10(D) of U.S.S.G. § 2D1.1 upon which the Court must rely in calculating defendant's new guideline range, the Court will construe defendant's motion as a request for reduction of sentence under all applicable amendments and not just Amendment 706.

At defendant's initial sentencing, the drugs for which defendant was held accountable were converted to a marijuana equivalent of 616.0037 kilograms and accordingly, defendant's base offense level was 28. These calculations were based upon the 2006 Sentencing Guidelines Manual. Defendant's offense level was decreased by two levels for the Safety Valve provisions, pursuant to U.S.S.G. § 2D1.1(b)(6) and reduced by three levels for acceptance of responsibility, thus his adjusted offense level was 23. Defendant faced an

4

advisory guideline range of 46 to 57 months and the Court imposed a sentence of 46 months' imprisonment.

Applying Amendment 715 to defendant's offense level, the Court is instructed to determine defendant's combined offense level pursuant to U.S.S.G. § 2D1.1, Application Note 10(B) and then reduce it by two levels unless the offense involved 4.5 kilograms or more, or less than 250 milligrams, of crack cocaine or the reduction results in a combined offense level that is less than the combined offense level that would apply if the offense involved only the controlled substance other than the crack cocaine. *See* U.S.S.G. § 2D1.1, Application Note 10(D). Defendant's combined offense level is 28 pursuant to U.S.S.G. § 2D1.1, Application Note 10(B) as amended. Defendant was held accountable for 30.8 grams of crack cocaine. Defendant's offense level if the offense involved only the 3.7 grams of marijuana would have been 6. Thus, neither of the exceptions preventing the application of the two level reduction apply. Applying the two level reduction pursuant to Amendment 715, the same two level Safety Valve decrease, and the same three level reduction for acceptance of responsibility, defendant's revised adjusted offense level is 21 and his amended advisory guideline range is 37 to 46 months.

Because defendant's original sentence was not less than the term of imprisonment provided by the advisory guideline range applicable at the time of sentencing, the Court may not impose a sentence of a term that is less than the minimum of the amended guideline range. *See* U.S.S.G. §§ 1B1.10 (b)(2)(A); (B). The Court originally sentenced defendant at

5

the low end of the guideline range which would result in a sentence of 37 months under the revised guideline range.

In regard to the § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Amendment 715 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for crack cocaine and cocaine powder. The Court considered the § 3553 factors previously at defendant's sentencing and ultimately determined that a sentence at the low end of the guideline range was appropriate.

Turning to defendant's post-sentencing conduct, according to information provided by the Bureau of Prisons ("BOP"), the defendant has had no disciplinary problems while incarcerated. Defendant has completed a GED course and a 40-hour drug education class. He is currently in the BOP 500-hour Residential Drug Abuse Treatment Program and is eligible for early release. Defendant has worked in five areas in the institution and received good work reports in all assignments.

The Court also considers the danger to the public as the result of any reduction in defendant's sentence. Defendant has no prior offenses relating to violence and is listed as a Criminal History Category I offender. According to the U.S. Probation Office's Memorandum Regarding Retroactivity, the Probation Office was unable to locate any information that would indicate the defendant is a risk of danger to any person or the community.

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 715 is designed to address, as well as the U.S. Probation Office's Memorandum Regarding Retroactivity. Accordingly, the Court will reduce defendant's sentence to 37 months, or time served, whichever is greater.

### III. Conclusion

Accordingly, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 48], is hereby **GRANTED** and defendant's sentence is reduced to 37 months or time served, whichever is greater.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE